UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LOCAL 703, I.B. OF T. GROCERY AND FOOD EMPLOYEES WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>REGIONS FINANCIAL CORPORATION, et al.,<br><br>      Defendants. | Civil Action No. 2:10-cv-02847-IPJ<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT DISTRICT NO. 9, I.A. OF M. & A.W. PENSION TRUST AND EMPLOYEES' RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS AS LEAD PLAINTIFF AND TO APPROVE SELECTION OF COUNSEL |

590478_1

Proposed lead plaintiffs District No. 9, I.A. of M. & A.W. Pension Trust ("District 9") and Employees' Retirement System of the Government of the Virgin Islands ("Virgin Islands") respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class and Ward & Wilson, LLC ("Ward & Wilson") as liaison counsel for the class.

## I. INTRODUCTION

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of Regions Financial Corporation ("Regions" or the "Company") common stock between February 27, 2008 and January 19, 2009, inclusive (the "Class Period"), against Regions and several of its officers for violations of the Securities Exchange Act of 1934 (the "1934 Act").

The lead plaintiff is the "member of members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). District 9 and Virgin Islands should be appointed as lead plaintiff because they: (1) timely filed this Motion: (2) have the largest financial interest in the relief sought by the class, to their counsel's knowledge; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In addition, District 9 and Virgin Islands's selection of Robbins Geller as lead counsel and Ward & Wilson as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Regions provides traditional commercial, retail and mortgage banking services, as well as other financial services in the fields of investment banking, asset management, trust, mutual funds,

- 2 -

securities brokerage, insurance and other specialty financing. During the Class Period defendants issued false and misleading statements regarding the Company's operations and financial performance. Specifically, defendants misled shareholders by failing to properly account for the goodwill carried on Regions' balance sheet, causing the Company's financial results to be materially false and misleading. As a result of defendants' false and misleading statements, Regions stock traded at artificially inflated prices throughout the Class Period.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) that the more than $6 billion in "goodwill" Regions carried on its books since the November 4, 2006 acquisition of AmSouth Corporation ("AmSouth") was grossly impaired and overstated; (b) that subsequent to the AmSouth acquisition Regions had failed to properly test for and write down impaired goodwill, causing the Company's balance sheet and reported financial results to be artificially inflated; and (c) that Regions was operating with woefully deficient internal controls, resulting in inaccurate and misleading financial disclosures in violation of Generally Accepted Accounting Principles, including improperly reporting its goodwill.

On February 25, 2009, defendants acknowledged in the Company's 2008 Form 10-K filed with the Securities and Exchange Commission that the deteriorating real estate market was the cause of these huge charges (especially in Florida and Georgia) and that it had been a problem for the Company since at least 2007.

As a result of defendants' false and misleading statements, Regions stock traded at inflated levels during the Class Period. However, the Company's share price declined significantly as the truth leaked into the market at the end of the Class Period.

**III.   ARGUMENT**

    **A.   District 9 and Virgin Islands Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated, national, business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)l; *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 299, 502 (S.D. Fla. 2002)  District 9 and Virgin Islands meet each of these requirements and should therefore be appointed as lead plaintiff.

    **1.   This Motion is Timely**

The notice for the first-filed action published in *Business Wire* on October 21, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from October 21, 2010, or December 20, 2010. *See* Declaration of Tricia L. McCormick in Support of Motion to Appoint District No. 9, I.A. of M. & A.W. Pension Trust and Employees' Retirement System of the Government of the Virgin Islands as Lead Plaintiff and for Approval of Selection of

- 3 -

Counsel ("McCormick Decl."), Ex. A. This Motion is therefore timely filed and District 9 and Virgin Islands are entitled to be considered for appointment as lead plaintiff.

### 2. District 9 and Virgin Islands Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, District 9 and Virgin Islands lost in excess of $799,377.00 due to defendants' misconduct. *See* McCormick Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other applicants seeking appointment as lead plaintiff with a larger financial interest. Therefore, District 9 and Virgin Islands satisfy the PSLRA'S prerequisite of having the largest financial interest.

### 3. District 9 and Virgin Islands Satisfy Rule 23's Requirements

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the motion for class certification. *Miller v. Dyadic Int'l*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008). Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs'

- 4 -

claims and the class claims "share the same 'essential characteristics as the class at large.'" *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *see also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, No. 07-81038-CIV, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.").[1]

District 9 and Virgin Islands satisfy the typicality requirement because, just like all other proposed class members, they purchased Regions stock during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the putative class. *See* McCormick Decl., Ex. B. Thus, the claims of District 9 and Virgin Islands are typical of those of other class members since their claims and the claims of other class members arise from the same event or pattern or practice and are based on the same legal theory. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *accord In re Miller Indus. Sec. Litig.*, 186 F.R.D. 680 (N.D. Ga. 1999)*; Wiley v. Early's Pawn & Jewelry*, No. CA 95-0195-CB-C, 1996 U.S. Dist. LEXIS 20954, at *14-*15 (S.D. Ala. June 14, 1996). The claims of a class representative need not be identical to the claims of the class to satisfy typicality. Instead, the Eleventh Circuit has said that "'[t]ypicality' exists when a 'plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff.'" *Andrews v. AT&T*, 95 F.3d 1014, 1022-23 (11th Cir. 1996).

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of District 9 and Virgin Islands to represent the class to the existence of any

---

[1] Unless otherwise noted, all emphasis is added and citations are omitted.

conflicts between their interests and the interests of the members of the class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) and (bb).  "The adequacy requirement is satisfied where, as here: '(1)class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy'"  *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19.

Here, District 9 and Virgin Islands are adequate representatives of the class because their interests in the Action are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between their interests and those of the other members of the class.  *See Kirkpatrick v. J. C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987).  In addition, as shown below, the proposed lead counsel District 9 and Virgin Islands have selected are highly qualified, experienced and able to conduct this litigation in a professional manner.  Accordingly, District 9 and Virgin Islands *prime facie* satisfy the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### B. District 9 and Virgin Islands Request that the Court Approve Their Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  District 9 and Virgin Islands have selected Robbins Geller to serve as lead counsel.  Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors, including serving as lead counsel in *In re Enron Corp. Securities Litigation,* No. H-01-3264 (S.D. Tex.), in which Robbins Geller obtained the largest recovery ever obtained in a shareholder class action.  *See* McCormick Decl., Ex. D.  Specifically, the court in *Enron* stated: "The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not

surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities . . . ." *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F Supp. 2d 644, 675 (S.D. Tex. 2006).

As such, the Court should find that Robbins Geller is "well qualified to serve as lead counsel in this matter." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *18 (S.D.N.Y. July 8, 2008).  Accordingly, District 9 and Virgin Islands  request that the Court approve their selection of Robbins Geller as lead counsel and Ward & Wilson as liaison counsel

## IV. CONCLUSION

District 9 and Virgin Islands have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, District 9 and Virgin Islands respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Lead and Liaison Counsel, and grant such other relief as the Court may deem just and proper.

DATED:  December 20, 2010                Respectfully submitted,

                                          WARD & WILSON, LLC
                                          PATRICK C. COOPER (ASB-4959-O77P)
                                          JAMES S. WARD (ASB-7284-R64J)

                                               s/ PATRICK C. COOPER
                                               PATRICK C. COOPER

                                          2100 Southbridge Parkway, Suite 580
                                          Birmingham, AL  35209
                                          Telephone:  205/871-5404
                                          205/871-5758 (fax)

- 8 -

        ROGER BEDFORD & ASSOCIATES, P.C.
        ROGER H. BEDFORD, JR. (ASB-3651-D60R)
        P.O. Box 370
        303 North Jackson Avenue
        Russellville, AL  35653
        Telephone:  256/332-6966
        256/332-6967 (fax)

        [Proposed] Liaison Counsel

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DARREN J. ROBBINS
        ANDREW J. BROWN
        TRICIA L. MCCORMICK
        655 West Broadway, Suite 1900
        San Diego, CA  92101-3301
        Telephone:  619/231-1058
        619/231-7423 (fax)

        [Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 20, 2010.

      s/ PATRICK C. COOPER
      PATRICK C. COOPER

      WARD & WILSON, LLC
      2100 Southbridge Parkway, Suite 580
      Birmingham, AL  35209
      Telephone:  205/871-5404
      205/871-5758 (fax)

      E-mail: patrickccooper@yahoo.com

590478_1

# Mailing Information for a Case 2:10-cv-02847-IPJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Betsy P Collins**
  bcollins@burr.com

- **Patrick C Cooper**
  patrickccooper@yahoo.com

- **Victor L Hayslip**
  vhayslip@burr.com

- **Kip Nesmith**
  knesmith@burr.com

- **Walker Steven Stewart**
  wstewart@burr.com

- **James S Ward**
  jward@wardwilsonlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Tricia L McCormick
```
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Ste. 1900
San Diego, CA 92101