# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LOCAL 703, I.B. OF T. GROCERY ) | |
| AND FOOD EMPLOYEES ) | |
| WELFARE FUND, Individually and ) | |
| on Behalf of All Others Similarly Situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV: 10-2847-IPJ |
| ) | |
| REGIONS FINANCIAL ) | |
| CORPORATION, C. DOWD ) | |
| RITTER, IRENE M. ESTEVES, and ) | |
| ALTON E. YOTHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### Procedural Background

Pending before this court is defendants', Regions Financial Corporation, C. Dowd Ritter, Irene M. Esteves, and Alton E. Yother, motion for reconsideration and/or certification for interlocutory appeal (doc. 55), and brief in support (doc. 56); and plaintiffs' response in opposition (doc. 63).

1

**Legal Analysis**

"A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summitt Med. Ctr. of Ala., Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003).

I.  *No Intervening Change in Law*.
A.  *Janus*.

Regions correctly points out that the Supreme Court in *Janus* instructs that a Rule 10b-5 action must be applied consistent with the narrow dimensions of this private cause of action, and thus, can only be brought against a person who "makes" a statement.  *See Janus Capital Group, Inc. v. First Derivative Traders*, 131 S.Ct. 2296, 2302-2303 (2011).  In that case, the Court had to "determine whether Janus Capital Management LLC (JCM), a mutual fund investment adviser, can be held liable in a private action under Securities and Exchange Commission (SEC) Rule 10b-5 for false statements included in its client mutual funds' prospectuses." *Id*., at 2299.  Under Rule 10b-5, "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id.*, at 2302.  Relying on that

standard, the Supreme Court found that JCM did not make the statements in the prospectuses.  However, unlike the separate legal entities in *Janus*, the defendants here are in ultimate authority over their statements.  Plaintiffs allege specifically that defendants C. Dowd Ritter ("Ritter"), Alton E. Yother ("Yother") and Irene M. Esteves ("Esteves") fraudulently signed SOX certifications accompanying Regions' SEC filings.  *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1252 (11th Cir. 2008)("'a Sarbanes-Oxley certification is only probative of scienter if the person signing the certification was severely reckless'").  Nothing in *Janus* stands for the proposition that CEOs and CFOs can not be liable for false and misleading statements in their own company's financial statements, for which they signed Sarbanes-Oxley certifications.  Thus, nothing in *Janus* supports defendants' motion for reconsideration.

B.     *Kadel*.

The *Kadel* decision brought forth by defendants has no effect on this Court's decision in this case.  The 11th Circuit merely upheld the district court opinion, relying only the element of scienter to uphold the decision.  *Kadel v. Flood*, 2011 WL 2015379 (11th Cir. 2011).  The district court case, *In re HomeBanc Corp. Sec. Litig.*, 706 F.Supp.2d 1336 (N.D. Ga. 2010), had already

3

been cited in the defendants' briefing on the motion to dismiss, and this Court had taken *In re HomeBanc* into account when preparing its June 7 Memorandum Opinion.

Defendants again emphasize the facts of the district court opinion in order to liken it to this case. Defendants state that, as in *In re Homebanc*, an inference of scienter is particularly weak where the complaint does not allege inside stock sales or that financial restatements took place. However, defendants failed to point out the other factors the court in *In re Homebanc* stated it could have relied upon but were non-existent in the case:

> [U]nlike the typical securities fraud case, there are no allegations ... (2) of auditor resignations; (2) that the company violated accounting standards or "cooked its books"; ... (4) that a corrective disclosure was made; (5) concerning what motive Defendants had to defraud the public; or (6) that HomeBanc's actual loan reserves (as opposed to the model) were inadequate or were a contributing factor to, much less the cause of, HomeBanc's demise.

*In re Homebanc*, 706 F.Supp.2d 1336, 1358-59 (N.D. Ga. 2010). This Court, in its June 7 Memorandum Opinion, laid out many factors similar to those mentioned in *In re Homebanc*, that taken collectively, supported a strong inference of scienter:

> [A] strong inference of scienter was found to be supported by allegations similar to those plaintiffs' allege in the case before this Court – (1) motive by defendants for incentive compensation by making the

>company appear more financially healthy than it was; (2) defendants' access to internal reports; (3) defendants' awareness of macroeconomic events contradicting their public statements and reports; (4) the magnitude of the company's false accounting systems; (5) the signing of false Sarbanes-Oxley certifications; and (6) a government inquiry or investigation into the company's accounting practices.

June 7 Memorandum Opinion (doc. 52).  Additionally, Regions' loan loss reserves were found to be inadequate and were adjusted accordingly.  This Court was not persuaded by defendants' arguments in the motion to dismiss based upon *In re Homebanc*.  *Kadel* fails to bring forth anything new, and thus, defendants' motion to reconsider shall be denied as well.


II.     *No Clear Error*.
A.      *"No Set of Facts" Standard.*

Defendants are correct that the *Conley v. Gibson* no-set-of-facts standard is no longer applicable to securities cases following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  The Court must instead look at the facts in the complaint and determine whether they state a claim that is "plausible" rather than "possible."  *See Belmont Holding Corp. v. Suntrust Banks*, 2010 WL 3545389, at *3 (N.D. Ga. 2010).  Although this Court did cite to *Conley*, the Court applied the correct standards when analyzing the facts of the Amended Complaint.

In the June 7 Memorandum Opinion, this Court correctly stated the Fed. R.

5

Civ. P. 9(b) and PSLRA standards for pleading fraud. The Court also applied the correct standards for pleading scienter:

> Plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In this Circuit, § 10(b) and Rule 10b-5 require a showing of either an "intent to deceive, manipulate, or defraud," or "severe recklessness." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008)(*quoting Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1284 (11th Cir. 1999)). A strong inference of scienter is one that is "more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). The Court must also "consider the complaint in its entirety"to determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Id.*, at 322-323.

June 7 Memorandum Opinion (doc. 52). Applying this standard, the Court properly found a strong inference of scienter, and the citation to *Conley* is merely dicta that had no effect on the Court's analysis.

On the matter of falsity, the Court properly found that the facts in the Amended Complaint were sufficient to state a plausible claim, including "statements of CWs showing how defendants improperly handled and classified loans, defendants were aware of the collapsing commercial real estate market in Florida yet continued to push for more growth there, and continued to ignore the RAROC reports signaling a negative risk-adjusted bottom line." Plaintiffs point

6

out again that *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1251 (11th Cir. 2008), a case relied upon by defendants in their original motion to dismiss to argue that falsity was not sufficiently pled, actually supported plaintiffs' argument – "with regard to there being a misstatement of material fact, the court actually states that 'we agree with the district court's observations that the amended complaint's allegations, if accepted as true, establish that Home Depot stores processed improper RTV chargebacks.'" *Mizzaro*, at 1247.  Further, other cases cited by this Court support a finding that plaintiffs' allegations are sufficient to find a plausible claim.  *See, Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F.Supp.2d 1267, 1276 (S.D. Fla. 2008) (upholding sufficiency of allegations of falsity based on a confidential witness stating "Bank employees intentionally mischaracterized loans into less risky categories, particularly categorizing loans that should have been in the LAD portfolio into other categories to justify smaller reserves, thus protecting the bottom line").

       Thus, it is clear that while this Court may have incorrectly cited to *Conley* for the "no set of facts" standard, the Court did in fact properly apply to correct standards, and therefore, there is no clear error meriting reconsideration.


B.    *Reliance on Confidential Witnesses (CWs)*.

This Court has taken into account the alleged statements of CWs, the affidavits of the CWs brought forth by defendants, and the investigator's notes submitted *in camera*. Having done so, it was not clear error for the court to find that the CW statements satisfied the pleading requirements. Though defendants contend that the statements made by CWs must be heavily discounted, the case cited by defendants does "not put as much weight on that inference as the defendants suggest." *Mizzaro v. Home Depot, Inc*, 544 F.3d 1230, 1240 (11th Cir. 2008) ("We conclude that the weight to be afforded to allegations based on statements proffered by a confidential source depends on the particularity of the allegations made in each case, and confidentiality is one factor that courts may consider. Confidentiality, however, should not eviscerate the weight given if the complaint otherwise fully describes the foundation or basis of the confidential witness's knowledge, including the position(s) held, the proximity to the offending conduct, and the relevant time frame"). Accordingly, this Court has taken into account confidentiality as one of many factors in determining whether the pleading standards were met. Additionally, nothing in the affidavit statements of the CWs contradict the statements in the Amended Complaint. For instance, as plaintiffs point out in their Response to the Motion to Dismiss (doc. 41), some of the CWs dispute that they had authority to classify loans as accrual or non-accrual.

However, this is consistent with the allegations in the Amended Complaint, in which plaintiffs only contend that the CWs stated they made *recommendations*, not that they had absolute authority of the loan classifications. Thus, the CW statements mentioned in the Amended Complaint were properly considered along with other factors, collectively, in finding that there was a strong inference of scienter.

Defendants also contend that it was inappropriate for the Court to rely on statements made by CW4 because he was not employed during the Class Period.[1] Defendants cite to *In re Wachovia Equity Litigation* in support of their arugment. 753 F.Supp.2d 326, 352 (S.D.N.Y. 2011). However, that same case states that statements by a CW outside the class period is not dispositive as to scienter:

> In at least one instance, the *Equity* Complaint alleges the falsity of a Class Period statement based on the allegations of a CW who was not employed by Wachovia at the time of the alleged misstatement ... Although such errors are certainly not dispositive of the scienter inquiry, they do not help the *Equity* Plaintiffs' case for Section 10(b) liability.

*Id.*, at 352, fn. 17. Assuming *arguendo* that reliance on statements by a CW outside of the Class Period is inappropriate, there was still sufficient support for this Court's determination that a strong inference of scienter existed. The other

---

[1] CW4's employment ended on January 15, 2008, and the Class Period starts on February 27, 2008. Memorandum of Law in Support of Defendant's Motion to Reconsider, at 16 fn. 5 (doc. 56).

9

CWs were all employed during the Class Period, so their statements, along with all of the other factors – motive, magnitude of false statements, signing of SOX certifications, government inquiry, etc. – relied upon by this Court in the June 7 Memorandum Opinion are sufficient to find a strong inference of scienter.

C.  *Group Pleading*.

While arguing that use of the group pleading doctrine is inappropriate, defendants readily admit that the 11th Circuit has not actually addressed this issue. *See Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1019 (11th Cir. 2004) ("It is not necessary to address the group pleading doctrine for the disposition of this appeal").  The 11th Circuit in *Scientific-Atlanta* also found "that factual allegations may be aggregated to infer scienter and must be inferred for each defendant with respect to each violation." *Id*., at 1016-17.  In this Court's June 7 Memorandum Opinion, the Court properly followed this standard in finding that the facts, taken collectively, were sufficient to find a strong inference of scienter as to the defendants.  Additionally, "[t]o the extent that the individual Defendants explicitly signed the various statements at issue, the group pleading doctrine may be unnecessary, as other circuits have recognized in like circumstances that 'signers of documents should be held responsible for the statements in the

document.'" *In re Netbank, Inc. Sec. Litig.*, 2009 WL 2432359, at *16 n.7 (N.D. Ga. 2009) (*citing Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000)).  Thus, the finding by this Court that scienter was sufficiently pled as to each and all of the defendants does not constitute clear error.

III.   *Interlocutory Appeal.*

Certification of a case for interlocutory appeal under 28 U.S.C. § 1292(b) is only appropriate when there "is substantial ground for difference of opinion" as to "a controlling question of law" and "immediate appeal from the order may materially advance the ultimate termination of the litigation."  Additionally, "[a]s a threshold matter the Eleventh Circuit has characterized § 1292(b) interlocutory appeals as a 'rare exception' to the premise that the great bulk of appellate review must be conducted after final judgment."  *Tate v. CitiMortgage, Inc.*, 2010 U.S. Dist. LEXIS 22278, at *13 (S.D. Ala. 2010) (*citing McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004)).  None of the issues mentioned by defendants create substantial grounds for difference of opinion as to controlling questions of law.

Defendants contend that interlocutory appeal is proper because there are substantial grounds for differences of opinion on the issue of group pleading.

11

However, as mentioned above, this Court has not relied on the group pleading standard. Defendants signed SOX certifications and financial statements themselves, and thus, are independently responsible for their own actions. Further, the Court properly took into account all of the facts, collectively, in determining that a strong inference of scienter existed. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007) ( stating that the Court must also "consider the complaint in its entirety"to determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard").

As pointed out earlier, the Court properly applied the correct standards in its analysis of the legal issues. *See La. Sch. Employees' Ret. Sys. v. Ernst & Young, LLP.*, 622 F.3d 471, 480 (6th Cir. 2010). No substantial grounds for differences of opinion on controlling law exists regarding the application of the proper standards in this case.

Nor does the *Janus* case create substantial grounds for difference of opinion on controlling law. The case is clearly distinguishable from the one before this Court. Unlike the issue of whether a third party could be liable for the statements made by a defendant, nothing in *Janus* stands for the proposition that CEOs and CFOs can not be liable for false and misleading statements in their own company's

financial statements. Plaintiffs allege that the defendants here made material misrepresentations regarding Regions on behalf of Regions, and thus, *Janus* does not affect the June 7 Memorandum Opinion.

Lastly, this Court considered the statements made by the CWs, taking into account the factor of the witnesses being confidential, and evaluated the weight to be given the statements based on "the particularity of the allegations made in each case" as stated in *Mizzaro*. The Court properly found that the pleading standards of the PSLRA were met, and that nothing in the affidavits of the CWs changed this determination. Thus, there are not substantial grounds for difference of opinion on controlling law. Additionally, even if statements made by CW4 can not be relied upon because he was not employed during the Class Period, as argued by defendants, there are still enough detailed allegations for a finding of a strong inference of scienter. Thus, an immediate appeal from this order for a determination on the statements made by CW4 would not "materially advance the termination of the litigation."

## Conclusion

Having considered all of the foregoing, the court is of the opinion that defendant's motion to reconsider and/or certification for interlocutory appeal (doc.

55) is due to be and shall be **DENIED**, which the court shall do by separate order.

**DONE** and **ORDERED** this the 23rd of August 2011.

                                     *[signature]*
                                     _____
                                     INGE PRYTZ JOHNSON
                                     U.S. DISTRICT JUDGE