# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LOCAL 703, I.B. OF T. GROCERY
AND FOOD EMPLOYEES WELFARE
FUND, et al.,

    PLAINTIFFS,

vs.                                                          CASE NO. CV 10-J-2847-S

REGIONS FINANCIAL CORPORATION,
et al.,

    DEFENDANTS.

## ORDER

Pending before the court is plaintiffs' request for status conference (doc. 220). The court held the requested conference on the record with plaintiffs present by and through their counsel of record, Larry Moore, Andrew Brown, and Roger Bedford; the individual defendants present by and through counsel Kip Nesmith; and defendant Regions Financial Corporation present by and through its counsel, Maibeth Porter and John Bolus.

At issue at the status conference is a letter written by counsel for the individual defendants, C. Dowd Ritter, Irene Esteves and Alton E. Yother, to the Honorable William S. Duffey, Jr., of the United States District Court for the Northern District of Georgia. That letter, authored by counsel Victor L. Hayslip, and dated November 28, 2012, concerns a case pending before Judge Duffey, *Belmont Holdings Corp., et al. v. SunTrust Banks, Inc.*, et al., Case No.: 1:09-cv-1185-WSD. Mr. Hayslip did not

appear at the status conference although he notified the court that he was leaving the country the day after the court's order setting the status conference. Although the undersigned attempted to arrange for Mr. Hayslip to appear by phone, he personally informed the undersigned he would not be able to do so as he would be dog sledding in Canada at the time set for the hearing.

This action is currently before the Eleventh Circuit on Interlocutory Appeal concerning the Order of Class Certification, entered June 14, 2012 (docs. 151 and 152). In their briefs filed with the Eleventh Circuit, submitted by all defense counsel in this action, allegations concerning Investigator Torres in the *Belmont Holdings* case are raised in footnotes, although the same is completely irrelevant to the issue before the Eleventh Circuit on interlocutory appeal.

The court notes that neither defendant Regions Financial Corporation nor defendants Ritter, Estevez or Yother are parties to the *Belmont Holdings* case pending in the Northern District of Georgia. Further noted by the court is that neither counsel for the individual defendants nor counsels' firm, Burr & Foreman, LLP, and neither counsel for defendant Regions nor counsels' firm, Maynard, Cooper & Gale, represent any party in the *Belmont Holdings* action. Finally noted by the court is that none of the plaintiffs in this action are parties to the *Belmont Holdings* case.

The court gleans from said letter authored by Victor Hayslip that apparently some of plaintiffs' counsel in this case is somehow involved with the *Belmont*

*Holdings* case in the Northern District of Georgia. The court also gleans from the Georgia proceedings that Ms. Desiree Torres, an investigator for plaintiffs' counsel in the Georgia case, and allegedly the same Ms. Torres plaintiffs' counsel has used as an investigator in the Alabama case, *ex mero motu* and unsolicited, contacted Judge Duffey's courtroom deputy. The undersigned is not aware of the specifics of the information provided by Ms. Torres to Judge Duffey's courtroom deputy. However, said contact resulted in an Order entered by Judge Duffey on October 4, 2012, scheduling a hearing for November 9, 2012, at 11:00 a.m., regarding such information. The undersigned is unaware of whether said hearing has been continued to December 18, 2012, so that the hearing scheduled for December 18, 2012, concerns the same issue.

    Mr. Hayslip, in his letter of November 28, 2012, to the Hon. William S. Duffey, Jr., simply and plainly accuses plaintiffs' counsel Robbins, Geller Rudman & Dowd, LLP, of having misrepresented facts to Judge Duffey and the undersigned judge. Apparently, Mr. Hayslip sought to take the deposition of Investigator Torres in the Alabama case. However, the plaintiffs filed a motion to quash that subpoena, which was granted by the district court where it was served, in California. Neither Mr. Hayslip on behalf of the individual defendants nor other defense counsel on behalf of defendant Regions have any personal knowledge of whether information furnished the court in Alabama contains any misleading information, although Mr. Hayslip has

informed Judge Duffey that such misleading information was furnished in submissions to this court. *See* Court's ex. 1, at 3.

Upon receipt of the plaintiffs' motion for status conference, the court immediately set a hearing time and date. The same day the court set said conference by Order of November 30, 2012, Mr. Hayslip again contacted Judge Duffey. *See* Court ex. 2, letter dated November 30, 2012, from Victor Hayslip to Judge Duffey. In said letter, Mr. Hayslip "want[s] to ensure that my letter has no impact on the proceedings before [Judge Duffey] as I represent no party to that action." Court's ex. 2.

How Mr. Hayslip can intuit what impact his "misleading" letter of November 28, 2012, may have on Judge Duffey and the proceedings pending before him in the Northern District of Georgia is presumptuous. In the same November 30, 2012, letter, Mr. Hayslip also assures Judge Duffey that his "letter was certainly not intended ... to impugn Mr. Brown's character as he has been nothing but professional ... in the [Alabama] action." *Id*. Mr. Hayslip concludes his November 30, 2012, letter by withdrawing his letter dated "November 29, 2012," and requesting that Judge Duffey not consider that letter for any purpose in the action pending in front of him. *Id.*

Unfortunately, this court does not have a copy of the November 29, 2012, letter and thus has no possibility of discerning of what else Mr. Hayslip may have accused

plaintiffs' counsel, unless the court simply assumes that in his haste to cure his obviously inappropriate and unprofessional conduct, Mr. Hayslip simply "messed up" on the date.

The court further notes that this incident with Judge Duffey is not the first time Mr. Hayslip has accused plaintiffs' counsel of intentionally misleading this court in the Alabama action.  In April 2011 in support of a motion to dismiss the amended complaint in this case, Mr. Hayslip asserted that "Plaintiffs have exaggerated and misrepresented the information provided by the [confidential] witnesses." Individual defendants' memorandum (doc. 39), at 41.  In that memorandum, Mr. Hayslip continued by stating

> The conduct of Plaintiffs' Lead Counsel is perhaps not surprising since Lead Counsel's firm engaged in similar conduct in *Boeing*.  There, the plaintiffs' complaint against Boeing was dismissed without prejudice for failure to plead scienter.  2011 WL 824604, at *1.  The plaintiffs filed an amended complaint in which they added information obtained from a confidential source.  *Id.* at *2 ...
>
> The defendants subsequently interviewed and deposed the confidential source and discovered that the confidential source had never been employed by Boeing and denied providing the information that was attributed to him in the amended complaint.[1]

---

[1]The court actually stated in *Boeing* that

The allegations in paragraphs 139–142 incorrectly identify Singh as a Boeing senior engineer with access to 787 test records by reason of his position. In reality, he was employed as a line engineer by an outside contractor doing work at Boeing three or four months after the events in issue.

*City of Livonia Employees' Retirement System v. The Boeing Co.,* 2011 WL 824604, 4 (N.D.Ill.2011).

Individual defendants' memorandum (doc. 39), 43-44.  However, unlike the court in *Boeing*, or perhaps even the facts before Judge Duffey, in this case, in response to Mr. Hayslip's accusations, Ms. Torres provided the court with an eight page signed affidavit, in which she asserts the information she provided was indeed true and correct.  *See* affidavit of Torres, attached hereto as Exhibit 3.  Unlike the issue before Judge Duffey, Ms. Torres has not contacted this court.  However, quite similar to the gratuitous and unsolicited letter he sent to Judge Duffey, Mr. Hayslip has engaged in a pattern and practice of submitting unsubstantiated and misleading statements to this court.

In their request for status conference (doc. 220), the plaintiffs note that Mr. Hayslip's letters to Judge Duffey violate this court's previously entered protective orders, and meanwhile, because of those very protective orders, plaintiffs' counsel is unable to respond to the allegations in Mr. Hayslip's November 28, 2012, letter.

Having considered this dilemma of the plaintiffs' counsel, caused solely by the inappropriate and unsolicited behavior of Mr. Hayslip, the court **ORDERS** that the Protective Order previously entered by the court (doc. 93) is **LIFTED** with respect to any material so protected which plaintiffs' counsel deems necessary to respond to the accusations made to Judge Duffey. Plaintiffs' counsel shall be allowed to use said material at the hearing Judge Duffey has set on December 18, 2012.  The same

materials may also be used to the extent plaintiffs' counsel deem the same necessary to enlighten the Eleventh Circuit Court of Appeals.

It is further **ORDERED** by the court that Victor Hayslip, on or before forty-eight (48) hours from the entry of this Order, shall compose a letter, satisfactory to plaintiffs' counsel, to be sent to the Eleventh Circuit Court of Appeals and to the Hon. William S. Duffey, Jr., admitting his inappropriate and unprofessional conduct and containing a sincere apology for misleading and attempting to mislead Judge Duffey and the Judges of the United States Court of Appeals for the Eleventh Circuit, who may be considering an interlocutory appeal of the Alabama action. Mr. Hayslip shall furnish this court and plaintiffs' counsel a copy of the proposed letter and plaintiffs' counsel shall furnish the court with its approval or request for any modifications to said letter.

Victor Hayslip is admonished that in the future, he is not to attempt to mislead federal judges in litigation pending before them, regardless of whether Mr. Hayslip represents a party to that litigation.

**DONE** and **ORDERED** this the 4th day of December, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE