IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LOCAL 703, I.B. OF T. GROCERY
AND FOOD EMPLOYEES WELFARE
FUND, et al.,

    PLAINTIFFS,

vs.     CASE NO. CV 10-J-2847-S

REGIONS FINANCIAL CORPORATION,
et al.,

    DEFENDANTS.

## ORDER

Pending before the court is the motion to reconsider and stay enforcement of December 4, 2012, Order pending in-person hearing (doc. 223) filed by Victor Hayslip, attorney for defendants C. Dowd Ritter, Irene Esteves and Alton E. Yother, to which the plaintiffs filed a response (doc. 224), and Mr. Hayslip has filed a reply (doc. 225).

Despite Victor Hayslip being out of the country, his motion to reconsider alone verifies that he has contact with his office in Birmingham, Alabama, and thus with this court. Contrary to Mr. Hayslip's assertions in paragraph 6 of said motion, neither this court nor this court's assistant requested that Mr. Hayslip appear in person at the status conference held Monday, December 3, 2012. This court personally, and also through her assistant to Mr. Hayslip's assistant, notified Mr. Hayslip's office upon being informed that Mr. Hayslip was out of the country that he should be available

by telephone. Apparently, Mr. Hayslip received this message as he called the undersigned judge in her chambers at approximately 10:40 a.m. on the date of the status conference and informed her that he could not appear by telephone that same day at the time set for the status conference as he was going to be on a dog sled. Again in paragraph 7 of his motion, Mr. Hayslip states that he was unaware that the court requested him to appear personally. This court did not request Mr. Hayslip to appear personally, but only via telephone. The court believed that to be acceptable as the court allowed Andrew Brown, counsel for plaintiffs, to appear by telephone as well. *See* Court Order of November 30, 2012 (doc. 221). In any event, Mr. Hayslip was represented at the status conference by and through Mr. Kip Nesmith, who specifically stated in open court and on the record that he was present as counsel for Mr. Hayslip.

The gist of Mr. Hayslip's motion is that his compliance with this court's Order of December 4, 2012 (doc. 222), might subject him to disciplinary action. *See* motion, at ¶ 5. The court would point out that Mr. Hayslip's letter to the Honorable William S. Duffey, Jr., dated November 28, 2012, would be the document that could subject Mr. Hayslip to disciplinary action by the Alabama State Bar, not this court's Order.

The fact that Mr. Hayslip now asserts that his letter of November 28, 2012, to Judge Duffey was not intended to influence the outcome of the December 18, 2012,

2

hearing *Belmont Holdings Corp., et al. v. SunTrust Banks, Inc.*, et al., Case No.: 1:09-cv-1185-WSD, nor intended to impugn plaintiffs' counsels' character (see motion, ¶ 4) flies in the face of the wording of the letter itself.  At a minimum, Mr. Hayslip anticipated that plaintiffs' counsel in that case would request that said hearing be held *in camera* and, in anticipation of such prospective motion, requested Judge Duffey to deny the same by indicating that he certainly was against it, based on evidence in this case which was confidential and under protective order.  However, to ensure that Mr. Hayslip's letter of November 30, 2012, "withdrawing" his letter of November 28, 2012, is well-taken by Judge Duffey, the undersigned believes it to be of the utmost importance that Judge Duffey receive the letter this court has Ordered Mr. Hayslip to write prior to the hearing scheduled before Judge Duffey for December 18, 2012.[1]

In his reply, at paragraph 3, Mr Hayslip again takes issue with the court's order that he write letters to Judge Duffey and the Eleventh Circuit Court of Appeals.  The court believes this measure to be appropriate as the status conference resulted from Mr. Hayslip's letter writing to courts.  Mr. Hayslip seems to think that the Court violated Fed.R.Civ.P. 6(c)(1), see reply at ¶ 4, however, Fed.R.Civ.Pro. 6(b)(1) concerns a written motion and hearing on said motion, not a "notice of a request for a status conference" occasioned by Mr. Hayslip's gratuitous letter to another court in

---

[1] The court has already found that Mr. Hayslip's letter of November 28, 2012, did in fact impugn plaintiff's counsel's character and violate this court's protective order, and the court has reason to believe that Mr. Hayslip knew that.  Why else would he have withdrawn that letter on November 30, 2012?

another district.  Additionally, said conference concerned Mr. Hayslip's behavior, not that of his clients, other defendants or even the plaintiffs.  Rather, plaintiffs' counsel requested in the notice of a status conference that the court address "the apparent violation of this Court's Protective Order and to consider a remedy for plaintiff and plaintiff's counsel" (doc. 220, at 6).  At the status conference, no one present seemed to be confused about what the status conference concerned.

Although this court obviously is aware that Mr. Hayslip has communicated electronically or otherwise with his office as he states in his motion that he has had the opportunity to review the court's December 4, 2012, Order, the court is unaware to what extent Mr. Hayslip has such contact.

Based on the foregoing, the court **ORDERS** that Mr. Hayslip's motion be and hereby is **DENIED**.  The court will have no further hearings on this matter, however, the court **EXTENDS** the deadline for Mr. Hayslip to submit his letter to Judge Duffey and the Eleventh Circuit as previously ordered by the court, until December 12, 2012, in order to allow Mr. Hayslip the opportunity to return from Canada and his dog sledding excursion.

**DONE** and **ORDERED** this the 6th day of December, 2012.

                                                       _____
                                                       INGE PRYTZ JOHNSON
                                                       U.S. DISTRICT JUDGE