UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LOCAL 703, I.B. OF T. GROCERY AND FOOD EMPLOYEES WELFARE FUND, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONS FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:10-cv-02847-KOB<br><br><u>CLASS ACTION</u><br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, dated May 27, 2015 ("Notice Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated May 18, 2015 ("Settlement Agreement").  Due and adequate notice was given to the Class as required in the Notice Order. The court has considered all papers filed and proceedings in this case, and had the benefit of the hearing held on September 9, 2015. For good cause, the court ORDERS as follows:

1. This Final Judgment and Order of Dismissal with Prejudice incorporates by reference the definitions in the Settlement Agreement, and all terms used here shall have the same meanings as set forth in the Settlement Agreement, unless otherwise noted.

2. This court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this court hereby approves the Settlement set forth in the Settlement Agreement and finds that: (a) the Settlement is, in all respects, fair, reasonable, and adequate to the Class; (b) no collusion was involved with the Settlement; (c) the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel with the benefit of an independent mediator; and (d) the record is sufficiently developed

and complete to have enabled the Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions of this Order. Except as to any individual claim of those Persons (identified in attached Exhibit 1) who have timely and validly requested exclusion from the Class, the court hereby dismisses, as to the Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement.

5. Upon the Effective Date[1] hereof, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members, other than those listed on Exhibit 1, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including, without limitation, Unknown Claims) against the Released Persons (whether or not such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released

---

[1] *See* Doc. 288 at ¶ 1.6 ("'Effective Date' means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.").

Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

6. Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit 1 hereto, and their respective counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement and any financial and contractual obligations of Class Members or counsel or any plaintiff to any of the Released Persons.

7. Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members, other than those listed on Exhibit 1, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by virtue of this Judgment shall be, permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all Released Claims (including, without limitation, Unknown Claims), as well

as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement, whether or not such Class Member executes and delivers the Proof of Claim and Release.  If anyone is found in contempt of this injunction, such Person may be subject to sanctions.  Any Released Person who must seek from the court compliance with this injunction shall be entitled to reimbursement of attorneys' fees incurred as a result of seeking such compliance from the Person in violation of this injunction.

8. The Notice of Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on May 27, 2015, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort.  This notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth in it, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirement of Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

9. The court will enter separate orders regarding the proposed Plan of Distribution and Lead Counsel's motion for attorneys' fees and payment of costs and expenses as allowed by the court. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Neither the Settlement Agreement nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiffs, Class Members, and their respective counsel, may

file the Settlement Agreement and/or this Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Settlement Agreement and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Agreement, the Settlement, or this Judgment.

11. Without affecting the finality of this Judgment in any way, this court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, costs, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

12. The court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 concerning the Complaints, responsive pleadings, and dispositive motions filed in this Action.

13. The Class Action Fairness Act of 2005, 28 U.S.C. §1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement.  The court finds that Defendants properly gave

CAFA notice to those federal and state governmental officials and that Defendants have satisfied their notice obligations under CAFA, and specifically 28 U.S.C. §1715(b).

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. Without further order of the court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16. Following distribution of the Net Settlement Fund to Authorized Claimants, and after any re-distribution(s) that are economically feasible, the remaining balance of the Net Settlement Fund shall be donated to the Investor Protection Trust, designated for the State of Alabama Financial Education Programs through the Alabama Securities Commission.

17. The court has considered the objections of Charles L. Warner, David Wormser, Susan R. Babin, Mrs. Forrest A. Myhres, Barry Engber, and William S. Connerat, III, and overrules them in their entirety.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

DONE and ORDERED this 14th day of September, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE