FILED
2015 Sep-14 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| LOCAL 703, I.B. OF T. GROCERY AND FOOD EMPLOYEES WELFARE FUND, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONS FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:10-cv-02847-KOB<br><br><u>CLASS ACTION</u><br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND REIMBURSEMENT OF LEAD PLAINTIFFS' EXPENSES PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter comes before the court on the Motion for an Award of Attorneys' Fees and Expenses and Reimbursement of Lead Plaintiffs' Expenses Pursuant to 15 U.S.C. §78u-4(a)(4), filed by Lead Counsel on August 11, 2015 (Doc. 297). All capitalized terms used in this ORDER have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated May 18, 2015, and filed the same day (Doc. 288). The court has considered all matters submitted to it at the hearing held on September 9, 2015, and in prior filings. The court finds that a notice (the "Notice"), substantially in the form approved by the court, was mailed to all reasonably identified Persons who purchased or acquired the common stock of Regions Financial Corporation ("Regions Financial") during the period from February 27, 2008, through and including January 19, 2009 (the "Class"); and that a summary notice (the "Summary Notice"), substantially in the form approved by the court, was published in *Investor's Business Daily* and transmitted over *Business Wire*. The court has considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

THEREFORE, THE COURT HEREBY ORDERS:

1. The court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settling Parties, Class Members, and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and expenses was given to all Class Members who could be identified with reasonable effort. The

form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to notice.

  3. Lead Counsel is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund, as well as payment of litigation expenses in the amount of $1,696,739.28, with interest earned on such amounts at the same rate as is earned by the Settlement Fund, which sums the court finds to be fair and reasonable.

  4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions and obligations the court incorporates by reference.

  5. In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the court has considered and found:

    (a) Class Members who submit eligible Proof of Claim and Release forms will benefit from the Settlement created by the efforts of Lead Counsel;

    (b) The Notice was disseminated to putative Class Members stating that Lead Counsel would seek fees not to exceed 30% of $90,000,000, and payment of

expenses in an amount not to exceed $1,900,000, plus interest, and only one objection to this request was filed;

  (c) The court is advised that Lead Plaintiffs' counsel have devoted more than 20,000 hours in connection with the prosecution or resolution of the Action, with a lodestar value of $10,359,016.65 to achieve the Settlement;

  (d) The Action involves complex factual and legal issues and, in the absence of a settlement, continuing with the claims against Defendants would involve lengthy proceedings whose resolution would be uncertain;

  (e) Lead Counsel has prosecuted the claims and achieved the Settlement with sufficiently skillful and diligent advocacy;

  (f) The court is advised that Lead Counsel undertook the Action to the preclusion of other employment;

  (g) The Action was litigated on a purely contingent basis; and

  (h) The amount of attorneys' fees and litigation expenses awarded from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Any appeal or any challenge affecting this court's approval of the attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiffs District No. 9, I.A. of M. & A.W. Pension Trust, and Employees' Retirement System of the Government of the Virgin Islands are awarded $4,000 and $5,000, respectively.

8. The court notes that John H. Morrow withdrew his objection to the requested fees and expenses.

9. The court retains exclusive jurisdiction over the subject matter of this Action, and over all Settling Parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

DONE and ORDERED this 14th day of September, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

- 4 -